U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 1 0 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **RICKY LANE SINCLAIR** | **CIVIL ACTION NO. 07-0626** |
| **VS.** | **SECTION P** |
| **WARDEN, RAPIDES DETENTION CENTER** | **JUDGE DRELL** |
| | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed on or about April 10, 2007 by *pro se* petitioner Ricky Lane Sinclair. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Rapides Parish Detention Center. Petitioner attacks his 2001 conviction for manslaughter and the 25 year sentence imposed by the Ninth Judicial District Court, Rapides Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.  For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

Petitioner was charged with the second degree murder of his brother on December 12, 2000. On October 15, 2001 petitioner, on the advice of court-appointed counsel, pled guilty to the

responsive charge of manslaughter. [doc. 1-4, paragraph 2; doc. 5, Exhibit 4] On December 17, 2001 petitioner was sentenced to serve 25-years at hard labor. [doc. 1-6, pp. 20-21] Petitioner did not appeal his conviction and sentence. [doc. 1-5, Exhibit 1, paragraph 10]

On some unspecified date in September 2002 petitioner filed a *pro se* Application for Post-Conviction Relief in the Ninth Judicial District Court. [doc. 1-1, paragraph III; see also, doc. 1-5, Exhibit 1[1]] On October 28, 2002 the Application was denied due to petitioner's failure to comply with the procedural requirements of La. C.Cr.P. art. 926. [doc. 1-5, p. 9]

On November 18, 2002 petitioner filed a second *pro se* Application for Post-Conviction Relief in the Ninth Judicial District Court. [doc. 1-5, Exhibit 2, pp. 10-20; doc. 1-6, pp. 1-18]

On April 2, 2003 petitioner employed attorney Gregory Wampler to represent him. [doc. 1-1, paragraph IV; doc. 1-4, p. 3] On April 2, 2003 Mr. Wampler corresponded with the Ninth Judicial District Court requesting a copy of petitioner's *pro se* application. [doc. 1-4, p. 3] Approximately one-year later, petitioner discharged Mr. Wampler and obtained a refund of a portion of the fee. [doc. 1-4, p. 4] Approximately one-month

---

[1] The Exhibit purporting to be petitioner's first Application for Post-Conviction Relief is an unsigned and undated Post-Conviction Application form which alleges no grounds for relief. [doc. 1-5, Exhibit 1]

after having discharged Mr. Wampler, petitioner re-hired him. [*id.*] Thereafter, a period of approximately three years elapsed during which Wampler regularly corresponded with petitioner leading him to believe that his post-conviction case was still pending. [*id.*]

On some unspecified date in February 2007, petitioner's uncle, a Rapides Parish Sheriff's Deputy, went to the Rapides Parish Courthouse to obtain information on the status of petitioner's post-conviction proceeding. He obtained a copy of petitioner's second Application for Post-Conviction Relief and an order which indicated that the application had been denied on April 2, 2003. [doc. 1-1, paragraph V]

Petitioner's undated pleadings were mailed on April 9, 2007 and received and filed on April 10, 2007. Petitioner claims that he is entitled to *habeas* relief because his court-appointed trial counsel misled and coerced him into entering the guilty plea and his retained post-conviction counsel was ineffective.

Petitioner also requested appointment of counsel. [doc. 1-1, paragraph X] On May 23, 2007 the undersigned denied petitioner's Motion for Appointment of Counsel [doc. 2] and directed petitioner to provide various documents necessary to complete an initial review. [*Id.*] On July 11, 2003 petitioner amended his complaint and provided some but not all of the documents he was ordered to provide. [doc. 3] On July 19, 2007 the undersigned

3

again directed petitioner to provide documentary evidence in support of his claim. [doc. 4] On August 29, 2007 petitioner filed a supplemental brief and response and included a copy of the transcript of the sentencing proceeding. [doc. 5 and doc. 5, Exhibit 1]

## *Law and Analysis*

### *1. Exhaustion of State Court Remedies*

> 28 U.S.C. §2254 states, in pertinent part:
>
> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court <u>shall not be granted unless it appears that</u>
> (A) <u>the applicant has exhausted the remedies available in the courts of the State</u>; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

This statute codified the jurisprudential rule of exhaustion which requires that state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. <u>Castille v. Peoples</u>, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the

United States Constitution, therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

In addition, a federal *habeas* petitioner must "fairly present" his federal constitutional claim to the highest state court. Skelton v. Whitley, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom.* Skelton v. Smith, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir.1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

Thus, in order to properly exhaust a claim in the Louisiana

courts, a federal litigant must have fairly presented the substance of his federal constitutional claims in the Louisiana Supreme Court.

Petitioner admits, and the published jurisprudence confirms, that he has not litigated any federal constitutional claims in the Louisiana Supreme Court.

### 2. "Technical" Exhaustion

With regard to these unexhausted claims, it appears that the claims, while unexhausted, are "technically" exhausted since it is unlikely that petitioner could return to the Louisiana courts to re-litigate the claims. These "technically" exhausted claims should be considered procedurally defaulted.

The procedural default doctrine also bars federal *habeas corpus* review if the state courts would now refuse to address a *habeas* petitioner's unexhausted federal claims because litigation of those claims would be barred by state procedural rules.

La. C.Cr.P. art. 930.8, which provides a two-year period of limitations for litigating post-conviction claims, would undoubtedly be invoked to bar any further collateral litigation in the Louisiana Courts.[2]

---

[2] Art. 930.8 provides in part, "No application for post-conviction relief ... shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914..." Under La. C.Cr.P. art. 914 petitioner's judgment of conviction became final on January 18, 2002 at the latest. Clearly, more than two years have elapsed since the date petitioner's judgment of conviction and sentence became final under Louisiana law.

6

Federal *habeas* review of these "technically" exhausted but now procedurally defaulted claims is barred "...unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750-51, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

### Cause and Prejudice

Petitioner claims that his guilty plea was coerced and involuntary and that he received ineffective assistance of trial counsel. [doc. 1-1, p. 2] Petitioner claims that the "cause" for the default of his federal constitutional claim was the ineffective assistance of his retained post-conviction counsel who led him to believe that his post-conviction application remained pending in the state district court. [doc. 3-1, paragraph 8]

In Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Supreme Court explained that "cause" in the context of a procedural default refers to an impediment external to the defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such

objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." Murray v. Carrier, 477 U.S. at 488, 106 S.Ct. at 2645 (internal citations omitted).

Petitioner cannot establish cause to overcome his default because any error on the part of post-conviction counsel in failing to raise these claims on state post-conviction review cannot, as a matter of law, provide cause for a procedural default. See Coleman v. Thompson, 501 U.S. 722, 755, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Martinez v. Johnson, 255 F.3d 229, 240-41 (5th Cir.2001); Ogan v. Cockrell, 297 F.3d 349, 357 (5th Cir.2002). This is because there is no underlying right to counsel in state post-conviction review and there is no cognizable constitutional claim based on the ineffectiveness of state post-conviction counsel. Jones v. Johnson, 171 F.3d 270, 277 (5th Cir.1999); Callins v. Johnson, 89 F.3d 210, 212 (5th Cir.1996).

If a *habeas* petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice. Saahir v. Collins, 956 F.2d 115, 118 (5th Cir.1992).

### *Miscarriage of Justice*

Since petitioner has failed to show "cause and prejudice"

for his default, federal review of his "technically exhausted" claims may therefore be had only if necessary to avoid a fundamental miscarriage of justice. Coleman, 501 U.S. at 750, 111 S.Ct. 2546

In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); Glover v. Cain, 128 F.3d 900, 904 (5th Cir. 1997). To support such an exception, the petitioner must allege that as a factual matter he did not commit the crime. Corwin v. Johnson, 150 F.3d 467, 473 (5 Cir.1998); Ward v. Cain, 53 F.3d 106, 108 (5 Cir.1995). Thus, in order to obtain federal review of procedurally defaulted claims, a *habeas corpus* petitioner must make a "colorable showing of factual innocence." Callins v. Johnson, 89 F.3d 210, 213 (5th Cir.), *cert. denied*, 519 U.S. 1017, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996) quoting McClesky v. Zant, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). Petitioner has not shown as a factual matter that he is actually innocent of the crime; instead, he has merely provided

conclusory statements asserting his innocence.[3] Thus, petitioner has not shown that he will suffer a fundamental miscarriage of justice from this court's failure to consider his federal constitutional claims. Accordingly, petitioner cannot avoid procedural default of these claims on the grounds of actual innocence.

Therefore,

**IT IS RECOMMENDED** the petition for habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** because these claims were not fairly presented to the Louisiana Supreme Court on either direct or collateral review and while these claims are "technically exhausted" since no state court remedies remain available to the petitioner, the claims are now considered procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual**

---

[3] The description of the events in question provided by an eye-witness to those events establishes beyond any doubt that petitioner was certainly guilty of manslaughter and probably guilty of second degree murder. [See doc. 5, Exhibit 1, testimony of Karen Weems, pp. 3-14]

10

findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers, Alexandria this 10th day of September, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE